# Young & Co. v. Cureton.

*Action for Price of Goods Sold and Delivered.*

1. *Testimony of witness as to damages.*—A party, testifying as a witness, can not state "what damages" he sustained by the breach of contract of which he complains.

2. *Profits as damages.*—For the breach of an executory contract to deliver goods, the measure of damages is the difference between the agreed price and the market price at the place of delivery; and the profits which might have been realized on selling the goods by retail during the Christmas holidays, for which purpose they were intended, "are conjectural, merely speculative, and dependent on too many contingencies to constitute an element of recoverable damages."

APPEAL from the Circuit Court of Etowah.
Tried before the Hon. JOHN B. TALLY.

L. L. DEAN, for appellants, cited *Bell v. Reynolds & Lee*, 75 Ala. 511; *Martin v. Hill*, 42 Ala. 275; *Gray v. Waterman*,

[Young & Co. v. Cureton.]

40 Ill. 522; *Robertson v. Davenport & Patterson*, 27 Ala. 574; *Tucker v. Woods*, 12 John. 190; 11 John. 525; 1 Peters, 465; *Laroque v. Russell*, 7 Ala. 798; *Cuthbert ,v. Newell*, 7 Ala. 457; 40 N. Y. 422; 9 Wend. 325; 17 C. B. 21.

A. E. GOODHUE, *contra*, cited *Haas v. Hudmon*, 83 Ala. 176; *Brigham v. Carlisle*, 78 Ala. 247; *Pollock v. Gantt*, 69 Ala. 376; *Refining Co. v. Barton*, 77 Ala. 156; *Culver v. Hill*, 68 Ala. 66; *Parsons v. Sutton*, 66 Ala. 92; 2 Benj. Sales, 1120–22.

CLOPTON, J.—In this action, which was brought by appellee to recover the price of three barrels of whiskey, the defendants seek by special plea to recoup damages suffered by the alleged breach of an executory contract. The plea avers, that in November, 1887, plaintiff and defendants entered into a contract, by which the former agreed to deliver to the latter ten barrels of corn whiskey, at an agreed price, by the 25th day of December thereafter, and that the barrels in controversy were delivered in pursuance of such agreement, but that plaintiff failed to deliver the other seven barrels. All the assignments of error go to the rulings of the court on plaintiff's objections to certain questions propounded on behalf of defendants to each of themselves, while being examined as witnesses. It does not seem to admit of doubt, under the uniform decisions of this court, that the objections were properly sustained.

As witnesses, the defendants were asked, "what damages they sustained by the failure" of plaintiff to perform the contract? With some exceptions, witnesses will not be allowed to state their opinion, though it may be founded on facts, or the inferences or conclusions which they may have drawn from them. This case does not fall within any of the exceptions to the general rule. We assume, that no respectable authority can be found, which maintains the admissibility of the opinion of a witness as to the *quantum* of damages caused by the breach of an executory contract to deliver goods. This would be to put the witness in the place of the jury, whose province it is to draw the inferences and conclusions from the facts and circumstances in evidence.—*Montg. & W. P. R. R. Co. v. Varner*, 19 Ala. 185; *Chandler v. Bush*, 84 Ala. 102,

The other questions objected to were directed to the loss of profits. The general rule is, that the measure of damages,

in cases like the present, is the difference between the price agreed to be paid, and the market value of the goods at the place of delivery. If goods are purchased for the purpose of fulfilling an existing contract of re-sale, and this is known to the seller, the profits that would have been realized from the re-sale would be recoverable, such damages being within the contemplation of the parties as a natural consequence of a breach of the contract to deliver. In such case, it becomes the duty of the purchaser to procure goods of the same kind from other sources, if reasonably obtainable. It appears from the evidence that the defendant, on the morning before Christmas, telegraphed to another party for whiskey, which was received by express; of what kind, or whether at the same or greater price and expense, is not shown. The defendants were engaged in the business of retailing, for which purpose the whiskey was purchased. There are no *data* from which to compute, with any degree of certainty, the amount of profits which would accrue in carrying on such business from sales at retail of any particular kind of liquor. They are conjectural, merely speculative, and dependent on too many contingencies to constitute an element of recoverable damages. The fact that the whiskey was purchased for the Christmas trade, is not such specific object, or special circumstance, as will take the case without the operation of the general rule as to the recoverability of profits. We need only to refer to the following cases: *Brigham v. Carlisle*, 78 Ala. 243; *Union Refining Co. v. Barton*, 77 Ala. 148; *Pollock v. Gantt*, 69 Ala. 373; *Beck v. West, ante*, p. 213. The evidence does not bring the case within the influence of the decisions in *Bell v. Reynolds*, 78 Ala. 511, and *Culver v. Hill*, 68 Ala. 66.

Affirmed.