# Southern Railway Co. v. Prather.

*Action for Injuries to person and Property, Resulting from Obstructions to Public Highway.*

1. *Injuries resulting from violation of city ordinances, liability for.*
   The defendant, a railroad company, is liable for all damages resulting approximately, from a violation of valid city ordinances, made for the protection of the public, but is not liable for damages which do not result proximately from such

causes; nor can it be said, that a violation of a statute or ordinance made for the benefit or protection of certain persons or classes, gives a right of action under all circumstances to persons or classes not within its purposes.

2. *Using highway in a known dangerous condition, not negligence per se.*—It is not negligence *per se* to drive over a public street crossing, obstructed by the cars of a railroad company, extending into the street from both sides, on different tracks, so that, by passing around the cars on one track, and making a short turn, then passing the cars on the other track, the crossing could be passed without leaving the street.

3. *Injury, the proximate result of negligence, shown.*—A complaint alleging by sufficient averments, that the defendant, a railroad company, negligently, and in violation of a city ordinance, obstructed a street crossing by permitting cars to stand thereon, extending into the street from both sides. on different tracks, so that plaintiff, in attempting to get around the ends of the cars, was, by the toppling motion of his buggy in making the short turns, and by the wheels on the one side striking against the iron railway track, thrown from his buggy, and injured, shows a good cause of action.

4. *Averments of wanton negligence, when insufficient.*—An averment that the injury was caused by the wantonness, recklessness, or willfulness of defendant's agents or servants in failing or refusing to perform an alleged duty, whose non-performance as alleged is simple negligence, does not show wanton negligence, but simple negligence merely.

5. *City ordinance, when not sufficiently averred.*—Good pleading requires the plaintiff, counting on the negligence of defendant in violating a city ordinance, to set out so much of the ordinance as is relied on to support the cause of action, and not the mere conclusion of the pleader; an averment that a city ordinance was in force "which prohibited any railroad, under penalty, from obstructing a street, by allowing cars to stand thereon, in the corporate limits, longer than five minutes at any one time," is defective.

6. *Name of negligent agent need not be shown.*—In an action for personal injuries, the plaintiff, not being an employe of defendant, need not aver in his complaint the name of the agent of the defendant company, by whose negligence or misconduct the alleged injury was sustained.

7. *Proximate cause; obstructing street, when not.*—In an action for personal injuries, a count based upon the provision of a city ordinance, providing that "no person shall obstruct any street in any manner calculated to delay any company in carrying their apparatus to or from any fire," but not alleging that any company was obstructed in carrying its apparatus to or from the fire, nor showing that the damage re-

[Southern Railway Company v. Prather.]

sulted from the cause that any such company was thereby obstructed, is insufficient.

APPEAL from Anniston City Court.

Tried before Hon. JAMES W. LAPSLEY.

The second count of the complaint avered that "there was an ordinance of the city of Anniston in force on the 14th day of December, 1895, (the date of the accident) which prohibited any railroad, under penalty, from obstructing a street, by allowing cars to stand thereon, in the corporate limits, longer than five minutes at any one time," etc. The 7th count, after setting forth the ordinance and obstruction of the street substantially stated in the opinion, averred substantially that on the occasion of the accident "a house caught fire in Anniston, and the fire alarm was sounded, and defendant's servants and agents knew that the fire companies would necessarily pass over same in going to said fire to extinguish same, and plaintiff, who was chief of police of said city, and also a member of the fire company, as was his duty to do, proceeded immediately to said house on fire, and acting in the line of his duty as a member of said company, as well as chief of police, he preceded the hose carriages in order to notify parties with vehicles or other obstructions in the streets to make way for the hose carriages to pass, and coming to said crossing," etc., he was injured, and concludes: "Plaintiff avers that his said injury, suffering and loss, were caused by the wantonness, recklessness, or willfulness of defendant's agents or servants in failing or refusing to remove said cars out of said street crossing, after becoming aware, as plaintiff avers they were, that a house was on fire." The several counts aver substantially that injury was the result of negligence "of defendant's agents or servants, whose names are unknown to plaintiff." The other averments of the complaint necessary to an understanding of the points decided are shown by the opinion. Defendant demurred to the several counts substantially as follows: 1. That the negligence complained of is not shown to have been the proximate cause of the injury, or more particularly stated, that notwithstanding the defendant might be liable in a proper action as for an inconvenience to public or private business for obstructing the streets of the city as alleged, it does not appear that it is liable to plain-

tiff in this form of action for personal injuries received from knowingly driving against or colliding with its cars at a time when the street was known to be occupied by defendant in the prosecution of its legitimate business as a common carrier. 2. That the alleged obstruction was not shown to be a public or private nuisance. 3. That the name or names of defendant's agents whose negligence caused the alleged injury were not given, nor was it shown that their names could not be ascertained by reasonable diligence. To the second count, defendant demurred specially, because the ordinance referred to was not set out in *haec verba,* or according to its legal effect, &c. To the seventh count, defendant demurred specially, because " it is stated as a conclusion that the defendant was guilty of wanton, reckless or willful negligence, whereas, the facts stated show at most that the defendant was guilty, merely, of simple negligence." These several demurrers were overruled.

JOHN B. KNOX, for appellant.—The second count did not sufficiently set forth the ordinance relied on.— *Broad St. Hotel Co. v. Weaver's Adm'rs.,* 57 Ala. 26 ; 17 Am. and Eng. Encyc. of Law, 262 ; 18 *Ib.* 583 ; 28 *Ib.* 288. The name of the agent whose negligence is relied on should be shown, or, some diligence used to ascertain it.—*M. & O. R. R. Co. v. George,* 94 Ala. 199-214; *Mc-Namara v. Logan,* 100 Ala. 187, 194. There is no sufficient causal connection between the act complained of and the injury. The case is within the influence of the decision of this court in *Stanton v. Louisville & Nashville R. R. Co.,* 91 Ala. 382, 385. The averments of seventh count do not show wanton negligence.—*G. P. R. R. Co. v. Lee,* 92 Ala. 262, 271; *Glass v. M. & C. R. R. Co.* 94 Ala. 581; *H. A. & B. R. R. Co. v. Samson,* 91 Ala. 560; *A. G. S. R. R. Co. v. Linn,* 103 Ala. 134, 139; *L. & N. R. R. Co. v. Markee,* 103 Ala. 160; *Levin v. M. & C. R. R. Co.* 19 So. 395, 396.

T. C. SENSABAUGH, *contra.*—The public may persist in using a street, though aware of obstructions; some authorities say, though aware of the danger.—*H. County T. Pike Co. v. Jackson,* 44 Am. Rep. 485; *E. Land Co. v. Mingea,* 89 Ala. 529; *Montgomery v. Wright,* 72 Ala. 411; *Turner v. Buchanan,* 42 Am. Rep. 485; *Reed v.*

*Northfield,* 23 Am. Dec. 663; *E. & T. H. R. Co. v. Carver-ner,* 32 A. & E. R. Ca. 135; 4 Am. & Eng. Encyc. of Law, 34, 35, 38, 39, and note 3. The demurrers to the averment of wanton negligence were properly overruled. *L. N. R. R. Co. v. Webb,* 97 Ala. 315; *Railway Co. v. Lee,* 92 Ala. 271; *Ga. Pac. R. R. Co. v. Ross,* 100 Ala. 490; 16 Am. & Eng. Encyc. of Law, 392. The failure to comply with a city ordinance is negligence.—*S. & N. R. R. Co. v. Donovan,* 84 Ala. 149; *Gothard v. A. G. S. R. R. Co.,* 67 Ala. 116; 16 Am. & Eng. Encyc. of Law, 422, 423. General averments of negligence sufficient.—*L. & N. R. R. Co. v. Jones,* 83 Ala. 381; *M. L. & C. Ry. Co. v. Chambliss,* 97 Ala. 174.

COLEMAN, J.—The action is in case, and was instituted by the appellee to recover damages for personal injuries sustained, and for damages done to personal property.

Including counts added by amendment, the entire complaint consisted of seven counts. A demurrer was sustained to the first count, and plaintiff withdrew the third count. This appeal is prosecuted from the rulings of the court upon the pleadings, adversely to the appellant, the defendant in the trial court.

The material questions raised by the grounds of demurrer to the fourth, fifth and seventh counts of the complaint are, whether the injury sustained by plaintiff resulted proximately from the wrongful or negligent conduct of the defendant, as averred in these several counts. Pretermitting for the present, the question as to whether the ordinance of the city of Anniston is sufficiently stated in the second count, each of the counts under consideration bases the cause of action upon the violation of certain ordinances of that city. The second count avers the existence of an ordinance which prohibited any railroad from allowing its cars to stand upon the public crossing of the streets for a longer period than five minutes. The fourth count undertakes to set out the city ordinance, which has a provision similar to that averred in the second count. The fifth count sets out the city ordinance, which declares it to be unlawful in placing cars or trains near any street crossing, "to fail to leave space free from obstruction, less than the full width of the roadway of the street, at such crossing."

[Southern Railway Company v. Prather.]

The seventh count sets out an ordinance which declares that "No person shall obstruct any street in any manner calculated to delay any company in carrying their apparatus to or from any fire," etc. It may be conceded for the purpose of the argument, that each of these counts aver a violation by the defendant, of the several municipal provisions set out in the several counts. The counts now under consideration show, however, that plaintiff approached the crossing in his buggy, and found it obstructed by the cars of the defendant, contrary to the city ordinances; that there were double tracks, both of which, it seems, from some of these counts, were occupied by the cars of the defendant. He undertook to drive around these cars, and made a "short turn" in order to get across, and in doing so his buggy collided with the rails of defendant's track so violently as to throw him upon the ground, to his personal injury.

The defendant is liable for all damage resulting proximately from a violation of valid city ordinances, made for the protection of the public, but is not liable for damages which do not result proximately from such causes; nor can it be said, that a violation of a statute or ordinance made for the benefit or protection of certain persons or classes, gives a right of action under all circumstances to persons or classes not within its purposes.

The defendant's cars remained stationary, and the injury resulted from the attempt of the plaintiff to cross the tracks in their obstructed condition.

In the case of the *Elyon Land Co. v. Mingea,* 89 Ala. 521, 529, we said "It is not negligence *per se,* for one who knows the dangerous condition of a highway to persist in travelling over it. He may lawfully proceed to do so if the act under the circumstances of the particular case does not evince a want of ordinary care on his part." This case cited that of *City Council of Montgomery v. Wright,* 72 Ala. 411. In the latter case the facts are, that there had been a washout extending about two feet or more into the sidewalk, but there was a space of about seven feet, which furnished a safe way for pedestrians, and which was in constant use as such. In attempting to pass along the sidewalk at night, the plaintiff, who had knowledge of the defect, stepped into the washout and was injured. This court held, that the plaintiff was not guilty of negligence *per se* in at-

38

tempting to walk along the sidewalk, but that it was a question for the jury. The decisions are not altogether in harmony as to what constitutes the proximate cause of an injury, resulting from obstructions of a highway. *Henry County v. Jackson,* 44 Am. Rep. 274, and note, p. 278; *Turner v. Buchanan,* 42 Am. Rep. 485; 16 Am. & Eng. Encyc. of Law, pp. 436, 440 and notes; *Pittsburg R. R. Co. v. Staley,* 41 Ohio St. 118; 52 Am. Rep. 74. Under our construction, the complaint does not present the case of injury resulting to a person who abandons the highway and seeks a crossing by some other route. The counts other than the seventh clearly show that defendant had a double track, and that on one side its cars extended from one direction into the crossing, and on the other side its cars extended into the crossing from an opposite direction, and that there was sufficient space left of the public crossing over which plaintiff could pass, by driving in front of the cars on one side, and then by making a short turn between the cars, he could pass in front of the cars on the other track, and never leave the highway. Putting this construction on these several counts, the action is brought within the influence of the cases of *Mingea, supra,* and *Wright, supra,* and showed a good cause of action, but subject to the defense of contribuory negligence.

The seventh count charges no more than simple negligence. The averment that the failure to remove the cars was wanton negligence is a mere conclusion of the pleader, not authorized by the facts averred. It is not fairly inferable from the facts averred that the defendant placed the cars on the public crossing for the purpose of causing injury, or failed to remove them from any reckless indifference to consequences, being conscious that such failure would probably result in injury. In fact, it does not appear that the cars could have been removed, after notice, before plaintiff was injured.—*L. & N. R. R. Co. v. Anchors,* 22 So Rep. 279; *A. G. S. R. R. Co. v. Burgess,* 22 So. Rep. 169.

Again, the ordinance set out in this count, declares that "no person shall obstruct any street in any manner calculated to delay any company in carrying their apparatus to or from any fire." The plaintiff bases his right of action in the seventh count upon the provision of this ordinance, but nowhere alleges that any company was

obstructed in carrying its apparatus to or from the fire, nor does it show that the damage resulted from the cause that any such company was thereby obstructed.

Good pleading requires the pleader to set out so much of an ordinance as is relied upon to support the cause of action, and not the mere conclusion of the pleader. In this respect the second count should be amended. Under the recent decisions of this court, plaintiff not being an employe, was not required to aver the name of the agent of the defendant by whose negligence or misconduct the alleged injury was sustained.—*Birmingham Railway & Electric Co. v. The City Stable Co.* in MS. and authorities cited.

Reversed and remanded.