[Troy Lumber & Const. Co. v. Boswell.]

# Troy Lumber & Const. Co. v. Boswell.

## *Assumpsit.*

(Decided April 23, 1914.   65 South. 141.)

1. *Evidence; Conclusion; Damages.*—Where the action was for work done, and defendant sought to recoup as for damages to his property, a question to defendant as to what in his judgment he had been damaged by the defective and improper condition in which the guttering on his house was put up and left, called for a conclusion of the witness that it was the province of the jury to draw from the facts in evidence.

2. *Trial; Reception of Evidence; Objection to Answer.*—Where the answer given to an improper question was strictly responsive thereto, it was not incumbent upon the objecting party to move to exclude the answer in order to rely on the error in permitting the question.

3. *Appeal and Error; Harmless Error; Evidence.*—Where the action was for work done and defendant sought to recoup damages, error in permitting a question to defendant as to what, in his judgment, he had been damaged by the defective condition of the guttering on his house, was prejudicial and grounds for a reversal.

APPEAL from Pike Law Court.

Heard before Hon. T. L. BORUM.

Action by the Troy Lumber & Construction Company against J. T. Boswell for work and labor done, with set off and recoupment by defendant. Judgment for defendant and plaintiff appeals. Reversed and remanded.

W. E. GRIFFIN, for appellant. The court erred in permitting it to be shown by defendant what, in his judgment, is the damage to his property from the way the guttering was put up and left.—*Crebbs M. Co. v. Brown,* 108 Ala. 510; *Young v. Carter,* 87 Ala. 727; *M. & W. P. R. R. Co. v. Varnum,* 19 Ala. 185. The proof offered by defendant did not furnish any accurate estimate of his damages.—*Shepherd & Co. v. Dowling,* 103 Ala. 566.

E. R. BRANNEN, for appellee. If there was error in the admission of the evidence complained of, it was harmless, as there was general verdict for defendant, and not a verdict on the plea of set off. The evidence sought by a question propounded by plaintiff was clearly immaterial.—*Harris v. Basden,* 162 Ala. 370.

MAYFIELD, J.—This action was to recover $14 *balance due* for work done by plaintiff for defendant in guttering the defendant's residence. The defendant pleaded set off and recoupment, and the general issue. The trial resulted in a verdict and judgment for the defendant, from which judgment the plaintiff appeals.

There are quite a number of assignments of error, and all are insisted upon. They go to the admissions and rejections of certain parts of the testimony and to the charges of the court. It is unnecessary to treat each assignment separately. All are clearly without merit, except one, which we will treat.

The defendant was asked by his counsel the following question: "What, in your judgment have you been damaged by the defective and improper condition in which said guttering was put up and left?" The plaintiff objected to the question, assigning the following grounds: "That the question called for the conclusion of the witness, and that the question sought to invade the province of the jury; it being for the jury to ascertain from proper data the extent of the defendant's damages, if any." The court overruled the objection and allowed the witness to answer, and he answered that in his judgment he was damaged to the amount of $25.

This question was improper; it called for illegal testimony. The grounds of the objection pointed out the defects, and the trial court erred in allowing it to be

answered over this timely and proper objection. The answer was strictly responsive to the question, and there was no necessity to follow up the objection to the question, by a motion to exclude the answer. The court, in ruling on the propriety of the question, necessarily ruled upon the admissibility of a responsive answer thereto, as evidence.

The inquiry as shown by this question was illegal; it called for a pure supposition or conclusion of the witness as to the amount of the damages he had suffered by the plaintiff's failing to properly gutter the house of the witness. The illegal question was followed by a responsive answer prejudicial to the plaintiff, who objected. The question of the competency of this evidence was as well raised by the objection to the inquiry, as it would have been by objection to the answer. An objection to the answer or a motion to exclude it would have been merely a repetition or accentuation of the objection. The trial court, in overruling the objection to the question, clearly ruled that a responsive answer was admissible evidence. If the answer had not been responsive to the question, but had been illegal, then, of course, to invoke a ruling of the trial court, a motion should have been made to exclude the answer. The answer being strictly responsive, however, such motion to exclude the answer was not necessary.—*E. T. V. & G. R. R. Co. v. Bayliss,* 74 Ala. 150; *Gilmer v. City of Montgomery,* 26 Ala. 668. That the testimony elicited by this question was incompetent has been repeatedly held by this court. In the case of *Young v. Cureton,* 87 Ala. 728, 6 South. 352, it is said: "As witnesses, the defendants were asked 'what damages they sustained by the failure' of plaintiff to perform the contract? With some exceptions, witnesses will not be allowed to state their opinion, though it may be founded on facts, or

the inferences or conclusions which they may have drawn from them. This case does not fall within any of the exceptions to the general rule. We assume that no respectable authority can be found, which maintains the admissibility of the opinion of a witness as to the quantum of damages caused by the breach of an executory contract to deliver goods. This would be to put the witness in the place of the jury whose province it is to draw the inferences and conclusions from the facts and circumstances in evidence.—*Montg. & W. P. R. R. Co. v. Varner*, 19 Ala. 185; *Chandler v. Bush*, 84 Ala. 102 [4 South. 207]."

In the case of *Krebs v. Brown*, 108 Ala. 510, 18 South. 659, 54 Am. St. Rep. 188, it is said: "When defendant Brown was on the stand as a witness in his own behalf, he was handed a list of the goods claimed to have been damaged, which were set out in the plea, and the following question was asked: State whether or not that is a correct list of the goods damaged and their values, and if the amount thus shown is the correct amount of damages to the goods.' The plaintiff objected to the question, and, his objection being overruled, he excepted. The witness answered that 'it was a correct list of the goods damaged, and that, as they were rendered worthless by the wetting received, the values as laid down in the plea was the correct amount that they were damaged.' The measure of damages for injury to property is generally the difference between its value before and after the injury; and it is not, generally, proper to ask a witness to state the amount of the damage.—*Young v. Cureton*, 87 Ala. 727 [6 South. 352]." *C. of G. Ry. Co. v. Barnett*, 151 Ala. 407, 44 South. 392.

In the recent case of *Central of Georgia Railway Company v. Jones*, 170 Ala. 613, 54 South. 510, 37 L. R. A. (N. S.) 588, the cases were reviewed, and it was

[Troy Lumber & Const. Co. v. Boswell.]

there said: "It was at an early date ruled in this state that a witness should not be allowed to state his opinion as to the amount of damages the plaintiff or the witness sustained, or was entitled to recover, in consequence of a given act or omission, the basis of the suit. —*Montgomery & West Point R. R. Co. v. Varner,* 19 Ala. 185. In that case the witness was allowed to testify as to the amount of damages done to land by the construction of a railroad thereon. This was held error. This rule has been applied to a great number of subsequent cases, some of which were actions for personal injuries, some for injuries to live stock, and some actions of ex contractu as for breaches of contracts. In the case of *Young v. Cureton,* 87 Ala. 727, South. 352, it was ruled that a party could not testify as to the amount of damages he sustained by the breach of the contract on which he had sued. The reason assigned for the rule is that to allow such statements would be to substitute the witness' opinion or conclusion for that of the jury, whose exclusive province it is to draw the inferences and conclusions from the facts and circumstances in evidence. The general rule, of course, is that witnesses must depose to facts, and cannot be allowed to give their opinion founded on these facts, or the inferences or deductions which they draw from them."

The witness having testified to all the facts, the jury should have been allowed to say what was the amount of damages suffered. It therefore follows that the ruling of the court, in this case, permitting the question calling for the incompetent testimony, was error to the prejudice of the plaintiff, and that this error must work a reversal of the judgment.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.