# Frazier *v.* The State.

### Violating Prohibition Law.

(Decided January 9, 1917.   73 South. 764.)

1. **Intoxicating Liquors; Sale; Affidavit.**—An affidavit charging that defendant received and accepted for delivery at one time more than one-half gallon of spirituous liquors, or more than two gallons of vinous liquors, or more than five gallons of malted liquors in kegs, or more than 60 pints in bottles, or more than one gallon of intoxicating liquors, beyond those enumerated, contrary to law, and that he kept and stored on the premises where the business of selling beverages was being conducted, prohibited liquors or beverages contrary to law, being substantially in the language of the statute, was sufficient.

2. **Constitutional Law; Illegal Sale of Intoxicating Liquors.**—The provision of § 12, Acts 1915, p. 44, is a valid exercise of the police power, and does not conflict with the Federal or State Constitution as an interference with the right to own and possess property.

APPEAL from Jefferson Criminal Court.

Heard before Hon. A. H. ALSTON.

J. M. Frazier was convicted of violating the prohibition law, and he appeals. Affirmed.

The affidavit was as follows:

[Frazier v. The State.]

(2) J. M. Frazier, whose name is otherwise unknown to affiant, within 12 months before the making of this affidavit, and subsequent to June 30, 1915, in said county did receive or accept for delivery, or possess, or have in possession at one time, more than one-half gallon of spirituous liquor, or more than two gallons of vinous liquor, or more than five gallons of malted liquor in kegs, or more than sixty pints in bottles, or more than one gallon of intoxicating or fermentive liquors, beyond those thus enumerated in this count of the affidavit, contrary to law.

(5) J. M. Frazier, whose name is otherwise unknown to affiant, within 12 months before making this affidavit, and subsequent to June 30, 1915, in said county, did keep or store on premises where a business of selling beverages was being conducted prohibited liquors or beverages contrary to law.

The demurrers raise the proposition that these counts charge no offense known to the law, and that the law under which the prosecution was had is violative of the Constitution of the United State, and of the state of Alabama, in that it is an unreasonable interference with the rights of the citizen to own and possess property.

SANDERS & ROE, for appellant. W. L. MARTIN, Attorney General, for the State.

PELHAM, P. J.—(1) The charges on which the defendant was convicted as set out in the second and fourth counts of the affidavit are substantially in the language of the statute descriptive of the offense, and are sufficient.—*Porter v. State, infra,* 72 South. 776.

(2) The statute (Acts 1915, p. 44, § 12) under which the charges were framed is not violative of the federal or state Constitution in limiting the amount of prohibited liquors a person may possess or have in possession at one time, and the demurrers attacking the affidavit on this ground are not well taken.— *Southern Exp. Co. v. Whittle,* 194 Ala. 406, 69 South. 652, L. R. A. 1916C, 278.

We find no error in the record.

Affirmed.