(84 South. 780)

HINES, Director General of Railroads, v.
LAURENDINE.    (1 Div. 359.)

(Court of Appeals of Alabama.  Jan. 13, 1920.
Rehearing Denied Feb. 10, 1920.)·

1. ACTION �köö48(2)—COUNTS FOR INJURIES TO
TRUCK PROPERLY JOINED WITH COUNT FOR
BREACH OF AGREEMENT TO REPAIR.

Where a railroad's injuries to an auto truck
stalled on its track gave rise to an alleged
promise to repair, the whole growing out of one
transaction, and relating to the same subject-
matter, the damage to the auto truck, under
Code 1907, § 5329, the owner could join his
counts for the injuries with a count for breach
of the agreement to repair.

2. NEGLIGENCE ⊙köö108(1)—COUNT IN SIMPLE
NEGLIGENCE    EMBRACES    INITIATIVE    AND
SUBSEQUENT NEGLIGENCE.

A count in simple negligence embraces ini-
tiative and subsequent negligence.

3. RAILROADS ⊙köö344(1) — COUNT IN SIMPLE
NEGLIGENCE HELD NOT CHANGED TO ONE IN
SUBSEQUENT NEGLIGENCE.

Allegation in count of auto truck owner
against railroad for damages thereto, that
the truck became stalled on the track, *held* not
to change the count, which was in simple negli-
gence, to one in subsequent negligence, there-
by requiring further allegation that the rail-
road's servants knew of the truck's perilous
position.

4. RAILROADS ⊙köö344(8) — NEGATIVING CON-
TRIBUTORY NEGLIGENCE UNNECESSARY.

A count in simple negligence against a
railroad for injuries to an auto truck stalled on
the track need not allege that the auto was not
stopped on the track as a result of negligence
of the·driver, which is matter of. defense.

5. APPEAL AND ERROR ⊙köö1040(11)—ERROR IN
OVERRULING DEMURRERS TO COUNT HARM-
LESS.

In action against railroad for damage to
auto truck stalled on track, any error in over-
ruling defendant's demurrers to count of com-
plaint setting up breach of defendant's agree-
ment to repair truck was harmless to defend-
ant, where in court's oral charge and in writ-
ten charge given at defendant's request it was
stated no recovery could be had unless jury was
satisfied defendant promised to repair.

6. APPEAL AND ERROR ⊙köö1040(11)—ERROR IN
SUSTAINING DEMURRER TO PLEADING HARM-
LESS, WHERE FACTS STILL PROVABLE.

In action against railroad for damages to
·auto truck stalled on track, any error in sus-
taining plaintiff's demurrers to defendant's
special plea of contributory negligence *held*
harmless to defendant, where under another
special plea all facts alleged in that to which
demurrer was sustained were provable.

7. NEGLIGENCE ⊙köö117—PLEA OF CONTRIBU-
TORY NEGLIGENCE OF AUTO TRUCK DRIVER
CROSSING RAILROAD HELD BAD.

A plea of contributory negligence on the
part of the driver of an auto truck stalled

on a railroad track, which fails to allege facts
constituting contributory negligence is not
cured by allegation that driver "negligently"
failed to stop and "negligently" failed to per-
mit the truck to cross the track.   .

8. APPEAL AND ERROR ⊙köö237(2)—OBJECTION
TO QUESTION DOES NOT PLACE COURT IN ER-
ROR, WITHOUT MOTION TO EXCLUDE AN-
SWER.

Objection to question to a witness will not
place trial court in error in admitting his an-
swer, where no motion is made to exclude it.

9. EVIDENCE ⊙köö472(9)—ENGINEER OF ROAD,
SUED FOR DAMAGE TO TRUCK AT CROSSING,
COULD NOT ·TESTIFY WHETHER SPEED WAS
SUFFICIENT TO TAKE IT OVER.

In action against railroad for damages to
auto truck stalled on track, it was competent
for road's engineer to testify as to rate · of
speed at which train and truck were traveling,
their distance from crossing, and as to whether
they were traveling fast or slow, but not to de-
termine whether or not speed at which the
truck was traveling was sufficient to take it
over crossing before train, a question for jury.

10. EVIDENCE ⊙köö158(28)—WRITTEN ESTIMATE
FOR REPAIR OF MOTOR TRUCK BEST EVI-
DENCE.

In action against railroad for damages to
auto truck stalled on track, question to witness
as to original estimate for repair made on dam-
aged truck was objectionable on ground paper
itself was best evidence of contents.

11. EVIDENCE ⊙köö20(2), 44 — COURT TAKES
JUDICIAL NOTICE OF FEDERAL CONTROL OF
RAILROADS AND IDENTITY OF DIRECTOR
GENERAL.

The court takes judicial notice that rail-
roads were taken over by the federal govern-
ment under public proclamation issued by the
President, and that they were being operated by
the Director General of Railroads at the time
of an accident, and that a·particular individual
was Director General.

12. APPEAL AND ERROR ⊙köö928(4)—PRESUMP-
TION CHARGES WERE REFUSED, BECAUSE RE-
QUESTED TOO LATE.

Where it does not appear from the bill of
exceptions that request to give charges was
made before the jury retired, it will be pre-
sumed, in favor of ruling of trial court, charges
otherwise good were refused for such reasons.

Appeal from Circuit Court, Mobile Coun-
ty; Saffold Berney, Judge.

Action ' by Peter B. Laurendine against
Walker D. Hines, as Director General of
Railroads, for damages for injuries to an
automobile truck.   From a judgment for
plaintiff, defendant appeals.   Affirmed.

The pleadings for the plaintiff sufficiently
appear from the opinion of the court, as do
assignments of error 1, 2, 4, 5, 8, and 9.
The demurrers to the first count, made the
basis of assignments 3, 6, and 10 are as
follows:

No facts are stated showing a duty arising on the part of defendant relative to plaintiff's automobile; it is not shown by what means plaintiff's automobile became stalled on the track of the railroad; it is not shown that the stalling of the automobile was not plaintiff's fault; because it is not alleged whether the negligence complained of was initial or subsequent in nature.

The first plea sets up contributory negligence, in that plaintiff's agent, acting in the line and scope of his authority, while driving said automobile, immediately before and at the time of the occurrence complained of, attempted to cross the track in front of a moving engine without first stopping, looking, and listening.

The third plea sets up the same fact, and alleges that said agent negligently drove said automobile upon the track, and stopped said automobile upon said track in front of the approaching train, which struck it. The fifth plea is the same as the third, except that it adds the following:

"After becoming conscious of the immediate approach of the train and until struck by said train."

The sixth plea sets up that said agent negligently failed to stop said automobile before reaching the said railroad track, and negligently failed to permit said automobile to cross said track, which defendant avers could have been done by permitting it to continue at the same rate of speed with which it approached said track, and which would have permitted it to clear said track before being struck by the approaching train, but in some way stopped said automobile immediately in front of the approaching train, and so closely thereto as that it was impossible for the operatives of the train to stop the same after seeing the automobile stop upon the track before striking it.

The other facts sufficiently appear.

Rich & Hamilton, of Mobile, for appellant.

There was a misjoinder. 1 S. W. 498. This may be raised by motion to strike or demurrer. 186 Ala. 443, 65 South. 78; 13 Ala. App. 47, 69 South. 302; 114 Ala. 128, 21 South. 992. The court improperly overruled the demurrers. 170 Ala. 499, 54 South. 203; 15 Ala. App. 507, 74 South. 156; 181 Ala. 491, 61 South. 361; 171 Ala. 251, 55 South. 170; 200 Ala. 238, 75 South. 996; 199 Ala. 654, 75 South. 15; 199 Ala. 571, 75 South. 159. The court improperly sustained demurrers to plea 3. 151 Ala. 335, 43 South. 844; 125 Ala. 191, 27 South. 770; 33 Cyc. 986. On these authorities the court erred in sustaining demurrers to the other pleas. The counsel discuss assignments of error relative to evidence, but without further citation of authority. The court erred in declining to give the affirmative charge for the defendant. 222 U. S. 506, 32 Sup.

Ct. 114, 56 L. Ed. 288; 172 Ala. 597, 55 South. 812; 196 Ala. 133, 72 South. 67; 197 Ala. 151, 72 South. 328; 81 South. 15.

Harry T. Smith & Caffey, of Mobile, for appellee.

There was no misjoinder. 190 Ala. 36, 66 South. 655; 14 Ala. App. 187, 68 South. 801; 14 Ala. App. 287, 69 South. 993; 14 Ala. App. 380, 70 South. 986; 186 Ala. 443, 65 South. 78; section 5329, Code 1907. There was no tenable objection to count 1. 172 Ala. 600, 55 South. 812. Counts 6 and 4 were practically eliminated. Counsel discuss action of court on the pleading, but without further citation of authority. The defendant was not entitled to the affirmative charge. 15 Ala. App. 571, 74 South. 396; (D. C.) 247 Fed. 888; 246 Fed. 786, 159 C. C. A. 88, L. R. A. 1918C, 795; (D. C.) 249 Fed. 609; 233 Mass. 162, 123 N. E. 621.

MERRITT, J. The complaint as originally filed contained four counts. The first claimed damages for the negligent operation by defendant of one of its trains, in that it was caused to collide with plaintiff's truck automobile, which had stalled on defendant's track. The third count was for damages for conversion by plaintiff of defendant's truck automobile. The fourth count claimed damages for the breach of an agreement entered into by the defendant, whereby it promised to put in repair the automobile truck which had been injured by the collision. The second count was in trespass, and was withdrawn by the plaintiff. Counts 5 and 6 were afterwards added; count 5 charging subsequent negligence, and count 6 charging wanton and willful negligence. The general charge was for defendant as to count 6.

[1] Assignments of error 1, 2, 4, 5, 8, and 9 are based on the proposition that counts 2 and 4 were improperly joined. Code 1907, § 5329, provides that "all actions ex delicto" may be joined with actions "ex contractu" arising out of the same transaction or relating to the same subject-matter. A reading of these two counts shows that the alleged injury to the truck gave rise to the alleged promise to make the repair, that the facts in one instance gave rise to the facts in the other instance, and all growing out of one and the same transaction, and relating to the same subject-matter, the damage incident to the injury of plaintiff's auto truck. These assignments of error are not well taken. Union Marine Insurance Co. v. Charlie's Transfer Co., 186 Ala. 443, 65 South. 78; Gambill v. Fox Typewriter Co., 190 Ala. 36, 66 South. 655.

[2-4] As we construe count 1, it is a count in simple negligence, and as such embraces initiative and subsequent negligence. L. & N. R. R. Co. v. Calvert, 172 Ala. 600, 55 South. 812. The allegation in the count that

plaintiff's auto "became stalled on the track" in no wise changed this to a count in sub- sequent negligence, thereby requiring the further allegation that defendant's servant, etc., knew of the perilous position of the plaintiff. Being a count in simple negligence, it was not necessary to allege therein that the auto was not stopped on the track as a result of the negligence of the driver thereof. This was a matter of defense, and the fact that it was "stalled" there rather tends to refute the idea that it was negligently there. The overruling of the demurrers to this count, which constitute the third, sixth, and tenth assignments of error was without error.

[5] If there was error in overruling de- fendant's demurrers to the fourth count as amended, which we do not decide, then same was not hurtful to the defendant, for the reason that in the court's oral charge, and in written charge 9 given at the defend- ant's request, it is specifically stated that no recovery could be had unless the jury was reasonably satisfied from all the evidence that the defendant promised or agreed to repair the truck, and that plaintiff promised or agreed to accept such repair in full settle- ment of all claims that it might have had against the defendant.

[6] If sustaining the plaintiff's demurrers to defendant's third special plea of contrib- utory negligence was error, it was without injury to the defendant, for under defend- ant's first special plea, alleging a failure of the driver to stop, look, and listen before going on the track, all of the facts alleged in said third plea were provable. These facts were also available under defendant's second special plea, and this may also be said as to defendant's fourth plea.

[7] The count of the complaint to which defendant's fifth and sixth pleas of contrib- utory negligence were directed shows that plaintiff's truck was stalled on defendant's track, and these pleas fail to allege such facts as would show that plaintiff was guil- ty of contributory negligence, and a careful examination of the facts set out in the sixth special plea shows that they were prov- able under the general issue, and the vice of the sixth plea as one of contributory neg- ligence was not cured by the allegation that the driver "negligently" failed to stop and "negligently" failed to permit the truck to cross the track.

[8] While timely objection was made by the defendant to the question propounded to the witness Dahlgreen, no motion was made to exclude his answer, and the objec- tion to the question will not place the trial court in error, where no motion was made to exclude the answer; and for this reason assignments of error 19½ and 20 are not well taken.

[9] It was competent for the engineer to testify as to the rate of speed at which the train and truck were traveling, the distance of the train and the truck from the crossing, and even as to whether they were traveling fast or slow, but not for him to do this, which was strictly within the province of the jury—determine whether or not, at the rate of speed the truck was traveling, it could have passed the crossing before the train reached there. This was for the jury to say.

[10] The question propounded to the wit- ness Martin as to the original estimate made on the damaged truck was objectionable, for the reason that the paper was the best evi- dence as to its contents.

[11] Appellant's insistence that the general affirmative charge should have been given is based on the assumption that there was no proof that the defendant, Walker D. Hines, Director General of Railroads, had any con- nection with the occurrence complained of, and that the court could not take judicial notice of the fact that the Gulf, Mobile & Northern Railroad had been taken over and was being operated by the Director General of Railroads. The court takes judicial no- tice that by public proclamation the rail- roads were taken over by the government un- der public proclamation issued by the Chief Executive, and that they are being operated, and were being operated, by the Director General of Railroads at the time of the alleged accident, and that said Walker D. Hines was Director General of Railroads. Muir v. L. & N. R. R. (D. C.) 247 Fed. 888; Ex parte McMillan, 15 Ala. App. 571, 74 South. 396. The question of negligence was properly submitted to the jury, and the re- fusal of charges withdrawing from the jury this question were properly refused.

[12] The refusal of the court to give sever- al charges requested by appellant in writing is assigned as error; but it does not appear from the bill of exceptions that the request was made before the jury retired to make up their verdict, and it will therefore be pre- sumed, in favor of the ruling of the trial court, that the charges, if otherwise good, were refused for this reason. Patterson v. State, 8 Ala. App. 420, 62 South. 1026; Em- pire Coal Co. v. Crevlee, 9 Ala. App. 657, 64 South. 207; Carter v. T. C. & I. Co., 180 Ala. 369, 61 South. 65.

We find no reversible error in the trial of the cause, and it follows that the same must be affirmed.

Affirmed.