(92 South. 90)

## MOBILE LIGHT & R. CO. v. FULLER.
### (1 Div. 421.)

(Court of Appeals of Alabama. Nov. 15, 1921.)

**1. Pleading ⬤⇒416—For review of ruling sustaining demurrer to plea, plea need not be refiled on subsequent immaterial amendment of complaint.**

Defendant does not waive right of review of ruling sustaining demurrers to pleas, by not refiling the pleas on the complaint thereafter being amended; the amendment working no substantial change.

**2. Street railroads ⬤⇒110(2)—Plea of contributory negligence in backing automobile held insufficient.**

A plea of contributory negligence in backing an automobile onto the street car track, not showing that the car was in dangerous proximity at the time, is insufficient.

**3. Negligence ⬤⇒117—Essentials of plea of contributory negligence stated.**

A plea of contributory negligence, to withstand demurrer, must state the facts constituting the negligence, and they must be such that the conclusion of negligence follows as matter of law.

**4. Street railroads ⬤⇒110(2)—Plea of contributory negligence, merely setting up violation of ordinance, insufficient.**

Plea of contributory negligence, in action for collision of street car with automobile, merely setting up violation of an ordinance by the automobile driver, without setting out facts showing a causal connection between such violation and the accident, is insufficient.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Pleading ⊕⇒8(17)—Plea of contributory negligence bad, as merely stating conclusion of pleader.**

Plea of contributory negligence, that plaintiff negligently backed the automobile onto the street car track, without taking the proper precaution necessary to enable her to ascertain the approach of the car, is demurrable, as merely stating the pleader's conclusion, without stating the precaution necessary.

**6. Negligence ⊕⇒117—Plea of contributory negligence must allege it proximately contributed to injury.**

A plea of contributory negligence must state that such negligence proximately contributed to the injury.

**7. Appeal and error ⊕⇒1047(5)—Assignment to ruling allowing identification of photographs unavailing, where it does not appear jury saw them.**

Assignment of error to ruling permitting plaintiff to identify photographs showing condition of automobile after the accident is unavailing, it not appearing that they were introduced in evidence or seen by the jury.

**8. Appeal and error ⊕⇒237(2)—Motion to exclude responsive answer not necessary for reliance on error in allowing question.**

To rely on error in overruling objection to question to witness, it is not necessary to move to exclude the answer, where it is responsive to the question.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Action by Mollie Fuller against the Mobile Light & Railroad Company for damages for injury to an automobile. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 1 declares upon simple negligence, in that the motorman of the street car, then and there acting within the line and scope of his employment and duties, as the servant of the defendant, so negligently went about the performance of his said duties as to cause or permit the said car to run against or to strike an automobile, the property of plaintiff, thereby, etc. Count 5 is practically the same as count 1, and the amendment to count 5 was to strike out the following words:

"And caused plaintiff to be put to great expense in and about the repair of said automobile."

The following are the pleas referred to in the opinion:

"(3) Plaintiff was herself guilty of negligence, in this: That Government street is a wide street, running in an easterly and westerly direction, and being approximately straight for a distance of a mile in both directions from Hallett street, and having a driveway on each side of said railroad track, which is approximately 15 feet wide. Hallett street, which runs north and south, enters Government street from the north, but does not cross the street, and the driveway of Dr. Bondurant's home, on the south side of Government street, is just opposite to Hallett street. And the defendant avers that the plaintiff, having driven her automobile out of Hallett street, across Government street, and partially into the Bondurant driveway, stopped her machine in a position from which she had a clear view west out Government street for about a mile, it being after dark. And the defendant avers that its street car was brilliantly lit up by electricity, and had a headlight burning in front of the car, and could easily be seen for a long distance by any person who was looking west on Government street for that purpose. And the defendant avers that the plaintiff negligently backed her automobile onto the defendant's track, without taking the precaution necessary to have enabled her to ascertain the approach of said car, and negligently permitted said automobile to remain standing upon the track until struck by the car, and did thereby proximately contribute to said injury."

The demurrers to plea 3 are as follows:

"(1) No sufficient facts are alleged necessary to constitute contributory negligence.

"(2) The allegation that the plaintiff negligently backed her automobile onto the defendant's track, without taking the precautions necessary to have enabled her to ascertain the approach of the car, is the conclusion of the pleading.

"(3) It is not alleged what precaution the plaintiff should have taken."

Plea 4:

Same as plea 3, down to and including the words, "looking west on Government street for that purpose," and adds: "The defendant avers that the plaintiff negligently backed her automobile onto defendant's track in the nighttime, and stopped the same on the track, although there was ample space on either side of said track in which to have operated said automobile, without stopping it on the railroad track, and although the plaintiff knew that the track upon which said automobile was stopped was that upon which cars were operated in such a direction as to approach the said automobile from the rear, and that a car was liable to pass over said track at that point and strike said automobile."

Plea 5:

"That at the time of said accident there was in force in the city of Mobile an ordinance requiring all vehicles, except when passing vehicles ahead of them, to keep reasonably near the right-hand curbing, and the defendant avers that the plaintiff violated the said ordinance by backing her automobile westerly onto the south rail of the defendant's track, which was located near the center of the street, and did thereby proximately contribute to said injury."

The demurrer thereto, numbered 10, is as follows:

"Said plea shows no causal connection between the injury and the violation of said ordinance."

Plea 6:

"That at the time of said injury there was in force in the city of Mobile an ordinance providing that no vehicle could so occupy any street as to interfere with or interrupt the passage of street cars, and that the plaintiff backed her said automobile westerly onto the south track of the defendant, upon which its cars were operated in an easterly direction, so as to interfere with the passage of said street car, and did thereby proximately contribute to said injury."

Plea 7:

"Plaintiff herself was guilty of negligence, in this: That she was operating her automobile on Government street, one of the public streets of the city of Mobile, in the nighttime, without having a tail light burning, and that said negligence proximately contributed to the said injury."

Harry T. Smith & Caffey, of Mobile, for appellant.

Plea 4 was good, and the demurrers thereto improperly sustained. 87 Ala. 610, 6 South. 413; 58 Ala. 678; 59 Ala. 272; 60 Ala. 621; 138 Ala. 487, 35 South. 457; 161 Ala. 434, 50 South. 52. The court erred in sustaining demurrers to plea 5. 161 Ala. 434, 50 South. 52; 138 Ala. 487, 35 South. 457; 170 Ala. 524, 54 South. 494; 166 Ala. 575, 51 South. 959, and authorities supra. On these same authorities the court erred in sustaining demurrers to pleas 6 and 7. Plea 3, as last amended, was certainly good, as was plea 4, as amended. Authorities supra.

Webb, McAlpine & Grove, of Mobile, for appellee.

Plea 3 was not good. 130 La. 51, 57 South. 584; 170 Ala. 565, 54 South. 184; 3 Ala. App. 359, 57 South. 404; 15 Ala. App. 451, 73 South. 764; 198 Ala. 590, 73 South. 935; 203 Ala. 284, 82 South. 544. In any event no question is raised as to pleas 3 and 4, since the pleas were not refiled to the pleas as amended. 105 Ala. 561, 17 South. 41; 161 Ala. 231, 49 South. 797; 200 Ala. 288, 76 South. 56; 174 Ala. 657, 56 South. 1013. On the authority first cited, there was no error in sustaining demurrers to the other pleas.

MERRITT, J. [1] The appellee brought suit against the appellant, and recovered a judgment for damages, alleged to have been sustained by appellee on account of the negligent action of the appellant in running one of its street cars into appellee's automobile. The case was submitted to the jury on counts 1 and 5, which charge simple negligence. All questions raised by the appellant, save one or two, deal with the ruling of the trial court on the pleading. The appellee insists that this court cannot legally review the action of the trial court on its rulings on the pleading, for that the record shows that she amended her complaint by striking out all counts except counts 1 and 5, and the rec-

ord further shows that the appellant did not refile its pleas to the complaint so amended. This contention is not sound in the instant case, for that the amendment worked no substantial change in the complaint.

The rule is that, if the pleading is amended so as to eliminate the part objected to by the plea or demurrer, or in an attempt to obviate the point taken by the plea or demurrer, the demurrant waives his right to review the ruling, unless he reinterposes his demurrer to the amended pleading, and gets a ruling on the same; but, if the amendment does not relate to the point or defect taken by the demurrer or plea, but to some other or different matter or part of the complaint, the defendant does not waive his right to review the ruling made before amendment. Seaboard Mfg. Co. v. Woodson, 94 Ala. 143, 10 South. 87; Birmingham Ry. Co. v. Fox, 174 Ala. 669, 56 South. 1013. 7 Mayfield, 716.

[2, 3] Plea 4, if not otherwise faulty, was subject to grounds 3, and 1 of the plaintiff's demurrer, and there was no error in the court's ruling in sustaining the demurrer. For aught that appears from the facts set out in the plea, the plaintiff was not negligent in backing her automobile on the defendant's track; it not appearing that the defendant's car was in dangerous proximity to place of accident at that time. B. R., L. & P. Co. v. Demmins, 3 Ala. App. 359, 57 South. 405; L. & N. v. Calvert, 170 Ala. 565, 54 South. 184; Birmingham So. Ry. v. Harrison, 203 Ala. 284, 82 South. 544.

It cannot be said to be always negligence to back an automobile onto a street car track, it depending on the facts and circumstances in each particular case. This was a plea of contributory negligence, and, to withstand demurrer, the facts constituting the negligence should be stated, and the facts must be such as that the conclusion of negligence follows as a matter of law. Cook v. Standard Oil Co., 15 Ala. App. 448, 73 South. 764; Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 South. 935.

[4] Irrespective of whether plea 5 could be set up by the defendant in this case, the action of the court in sustaining demurrers thereto can be well sustained on the tenth ground of demurrer. The plea merely sets up a violation of a city ordinance, but there are no facts or circumstances set out in the plea which show a causal connection between the injury and the violation of the ordinance. Conceding that the plaintiff violated the ordinance, no facts are set out in the plea to indicate that her action in so doing contributed to the damage alleged to have been sustained. So. Ry. v. Prather, 119 Ala. 588, 24 South. 836, 72 Am. St. Rep. 949; B. R., L. & P. Co. v. Fuqua, 174 Ala. 631, 56 South. 579; Anniston Electric & Gas Co. v. Elwell, 144 Ala. 317, 42 South. 45.

To our minds, what has been said above with reference to plea 5 applies with equal force to pleas 6 and 7.

The demurrers to amended pleas 3 and 4 were properly sustained.

The first, second, and third grounds of demurrer are sufficient to condemn plea 3.

[5] The only allegation of negligence in amended plea 3 is as follows:

"And the defendant avers that the plaintiff negligently backed her automobile onto the defendant's track, without taking the proper precaution necessary to have enabled her to ascertain the approach of the said car, and negligently permitted said automobile to remain standing upon the track until struck by the car, and did thereby proximately contribute to said injury."

This statement is but the conclusion of the pleader, and does not state what precaution was necessary to have enabled the plaintiff to ascertain the approach of the street car. Brent v. Baldwin, 160 Ala. 635, 49 South. 343; Birmingham R., L. & P. Co. v. Demmins, 3 Ala. App. 359, 57 South. 404; B. R., L. & P. Co. v. Saxon, 179 Ala. 136, 59 South. 584; So. Ry. v. Harrison, 203 Ala. 284, 82 South. 544.

[6] What has been said as to plea 3, applies also to plea 4, and, in addition, plea 4 does not allege that the negligence of the plaintiff proximately contributed to her injury. This is a necessary averment. B. R. L. & P. Co. v. Saxon, 179 Ala. 136, 59 South. 584.

[7] Assignments of error predicated on the action of the trial court in permitting the plaintiff to identify certain photographs, purporting to be pictures showing the condition of the automobile after the contact of the street car, can avail the defendant nothing here. It does not appear that the photographs were ever introduced in evidence, or that they were exhibited to or were ever in view of or in possession of the jury.

[8] The appellee insists that the ruling of the trial court on these questions cannot be reviewed, because the appellant made no motion to exclude the answers of the witness. While the ruling of the trial court in its rulings on the questions is free from reversible error, yet we think in this connection we should declare that the opinion in the case of Walker D. Hines, Director, etc., v. Laurendine, 17 Ala. App. 350, 84 South. 780, is erroneous; it appearing to be the rule, so declared by our Supreme Court, that, where the answer given to an improper question was strictly responsive thereto, it was not incumbent upon the objecting party to move to exclude the answer, in order to rely on the error in permitting the question. E. T., V. & G. R. v. Bayliss, 74 Ala. 150; Troy Lumber & Construction Co. v. Boswell, 186

Ala. 409, 65 South. 141; Stewart v. State ante, p. 92, 89 South. 391.

We find no error in the record, and the judgment appealed from is affirmed.

Affirmed.

---

☚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes