(120 So. 308).
### HORSLEY v. STATE. (6 Div. 370.)

Court of Appeals of Alabama. Feb. 12, 1929.

J. T. Johnson, of Oneonta, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. The present record is incumbered by numerous exceptions, which, under the present practice, regulated by statute, is not now necessary. This statute (Acts 1927, p. 636, § 2), provides: "Where there is an objection to a question propounded to a witness in the trial of any cause, and the objection is overruled and exception reserved, it shall not be necessary to make a motion to exclude the answer of the witness in order to put the court in error on his ruling on such objection."

Prior to the enactment of above statute, under the adjudications of this court and the Supreme Court, no motion to exclude was necessary, where the answer given to an improper question was responsive thereto. These decisions, holding that the court, in ruling upon the propriety of the question, necessarily ruled upon the admissibility of a responsive answer thereto, as evidence. Troy Lumber Co. v. Boswell, 186 Ala. 409, 65 So. 141; Mobile L. & R. Co. v. Fuller, 18 Ala. App. 308, 92 So. 90; Stewart v. State, 18 Ala. App. 92, 89 So. 391; Melton v. State, 21 Ala. App. 419, 109 So. 114. To indulge this prac-

tice entails unnecessary labor, and, as stated, unduly incumbers the record and can in no instance serve any good purpose.

■ The evidence in this case without controversy established the corpus delicti, for it shows without dispute that the raiding posse found a still in full operation, with whisky being made and running therefrom. The evidence shows also without dispute that, at approach of the officers, at least two men who were present, and both engaged in the operation of the still, ran away from the still. The evidence for the state tended to show that this appellant was one of those men. This he denied, and offered testimony to sustain his insistence that at that particular time he was at a different place and engaged in other occupations. The defendant denied all connection with the still, and insisted he had no knowledge of its existence, that it was not in his possession, that he was not operating it, nor was he assisting in its operation. This conflict in the evidence presented the sole material question of controverted fact for the determination of the jury.

We have carefully examined the entire record, and are of the opinion that the accused was accorded a fair and impartial trial. It appears clear that the trial court, in its oral charge and in each of its rulings, carefully safeguarded every substantial right of the defendant, and that no injurious error was committed by the court in any of the rulings complained of, and to which exception was reserved. There is no phase of this case which entitled the defendant to the general affirmative charge requested, and refused by the court.

The exception reserved to the court's oral charge and to the instructions of the court relative to the form of verdict are wholly without merit.

■ Refused charge 16 was fully covered by the oral charge; therefore the court was under no duty to give said charge.

The record is regular, and, as the trial proceeded throughout without hurtful error, the judgment of conviction, from which this appeal was taken, will stand affirmed.

Affirmed.