(121 So. 457)

**FORTUNE v. STATE. (7 Div. 556.)**

Court of Appeals of Alabama. April 2, 1929.

112

S. W. Tate, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. The evidence without dispute proved the corpus delicti, as it shows conclusively that in the nighttime some person or persons took the automobile of Shade Williams from his home and carried it about three-fourths of a mile away, and there stripped it of the tires, tubes, and rims and carried said articles away. The verdict of the jury rested upon the second count in the indictment, which charged this defendant and another, not on trial, with the larceny of the articles mentioned above. There was no direct testimony to connect either of the accused persons with the commission of the offense complained of in the indictment, and the state relied upon the rule of law which provides that the recent possession of stolen goods imposes upon the possessor the onus of explaining the possession, and, if he fails to make a reasonable explanation of such possession, raises a presumption of guilt, which will support a verdict of conviction. The above-stated rule of law is well settled, but we are unable to see how it can be applied in this case as to this appellant, for the reason there is a total lack of any evidence in this case to show that he has ever been in possession, recent, or otherwise, of any of the articles alleged to have been stolen. The only evidence on this question is affirmatively to the contrary. There being no evidence to show who committed the larceny complained ·of, and there being none to show that this appellant had recent possession thereof, the state failed to make out a case against the appellant, and upon the undisputed legal evidence here shown the court should have directed a verdict in defendant's favor, which the court was requested to do in writing as the rules of practice require.

There were innumerable exceptions to the court's rulings upon the admission of evidence, and the trial was replete with reservations of exceptions wholly unnecessary, as the law is: "Where there is an objection to a question propounded to a witness in the trial of any cause, and the objection is overruled and exception reserved, *it shall not be necessary to make a motion to exclude the answer of the witness* in order to put the court in error on his rulings on such objection." Acts 1927, p. 636; Troy Lumber & Const. Co. v. Boswell, 186 Ala. 409, 65 So. 141. In that case the Supreme Court said: "There was no necessity to follow up the objection to the question, by a motion to exclude the answer. The court, in ruling on the propriety of the question, necessarily ruled upon the admissibility of a responsive answer thereto, as evidence." See, also, Stewart v. State, 18 Ala. App. 92, 96, 89 So. 391; Mobile L. & R. Co. v. Fuller, 18 Ala. App. 308, 92 So. 90; Melton v. State, 21 Ala. App. 419, 109 So. 114; Horsley v. State, ante, p. 40, 120 So. 308.

From the view here taken, as above expressed, there appears no necessity to discuss the numerous points of decision raised by appellant and urged in brief as error. We refrain from so doing.

For the error in refusing the general affirmative charge to defendant, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.