(124 So. 117)

SKIPPER v. STATE. (4 Div. 541.)

Court of Appeals of Alabama. May 14, 1929.

Rehearing Denied June 18, 1929.

Sollie & Sollie, of Ozark, for appellant.

224

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. An observance of the statute, an act approved September 9, 1927, General Acts 1927, p. 636, would have resulted in reducing the exceptions reserved upon the trial of this case to a great extent, and thereby possibly 100 unnecessary exceptions would have been eliminated, thus facilitating the trial in the court below, and avoiding the unnecessary labor, expense, and time incident to their reservation, recordation, and consideration. The first section of said act provides: "That in the examination of witnesses and the introduction of evidence in the trial of causes in the courts of Alabama, it shall not be necessary to state or disclose to the court the substance of the anticipated answer of the witness or of the evidence sought to be introduced by the question in order to put the court in error in his ruling on objection to the question, unless the court requests that counsel disclose to the court the evidence sought by the question."

And the second section thereof provides: "Where there is an objection to a question propounded to a witness in the trial of any cause, and the objection is overruled and exception reserved, it shall not be necessary to make a motion to exclude the answer of the witness in order to put the court in error on his ruling on such objection."

See, also, Troy Lumber & Const. Co. v. Boswell, 186 Ala. 409, 65 So. 141; Mobile Light & R. Co. v. Fuller, 18 Ala. App. 308, 92 So. 90; Melton v. State, 21 Ala. App. 419, 109 So. 114.

This appellant was indicted, tried, and convicted for the offense of assault with intent to ravish. His punishment was fixed at imprisonment in the penitentiary for not less than two years nor more than two years and six months. From the judgment of conviction, he appealed.

Upon arraignment, the defendant interposed, first, a plea of not guilty. He also pleaded not guilty by reason of insanity, and these pleas to the indictment formed the issues upon the trial.

The material inquiry raised by the plea of not guilty was, of course, whether or not the defendant committed the act complained of, and in this connection the burden of proof rested upon the state to show by the evidence and beyond a reasonable doubt that he did so commit said act. On this issue the presumption of innocence of the defendant availed him. This presumption is evidentiary in its nature and attended the accused throughout the trial or until his guilt was proven by the required measure of proof above stated. On this question the evidence was in sharp conflict. That for the state tended to show his commission of the offense; that for the defendant to the contrary. A jury question was thus presented, and we are of the opinion this evidence was ample to justify the jury in its conclusion and sufficient to support the judgment of conviction pronounced and entered. We find no ruling of the court in this connection which constituted reversible error, and none of the numerous exceptions reserved by the defendant is well taken. The court manifestly ruled correctly in each instance complained of, and it is apparent that the substantial rights of the defendant were not infringed. We refrain from dealing specifically with these numerous rulings of the trial court. None but the elementary rules of evidence are involved, and no good purpose can be subserved by reiterating here what has so often been written by the appellate courts of this state. There is no phase of this case which entitled the accused to the affirmative charge.

Under defendant's special statutory plea of "not guilty by reason of insanity," the remaining issue was formed. Under the law in this state the sanity of the defendant is presumed; in other words, the statute places upon the accused the burden of proving that he is irresponsible, and this to the reasonable satisfaction of the jury. Section 4572, Code 1923. The measure of proof and apparently undue burden resting upon the defendant by virtue of the statute, supra, has been the subject of much discussion, and there exists a wide diversity of opinion upon this question. There is no doubt that the required measure of proof, "that the accused clearly proved to the reasonable satisfaction of the jury that he is irresponsible," is materially different from the general rule in this and probably every state in the Union, where the rule prevails that to authorize a conviction the evidence must be such as to establish beyond a reasonable doubt every element which is a necessary constituent of the offense; and the further rule prevails that the defendant is entitled to an acquittal, if the jury, after considering all the evidence, entertain a reasonable doubt of the guilt of the accused, arising out of any part of the evidence. It is elementary that no person can commit an offense who is not legally capable of committing a crime. In other words, the act, whatever may be its results, cannot amount to an offense, unless the person who commits the act is legally capable of committing an offense. However, under the rule stated, a reasonable doubt as to the irresponsibility of the accused will not authorize the jury to acquit. He must clearly prove his irresponsibility to the reasonable satisfaction of the jury. This es-

tablished rule in this state must govern and control this court, without reference to the individual opinion of the writer.

On the trial, the defendant offered testimony tending to sustain his special plea. The state in rebuttal offered evidence in refutation of this insistence. It thereby became a question for the jury to determine from this conflicting evidence, the burden being upon the accused to clearly prove his irresponsibility to the reasonable satisfaction of the jury; and, as hereinabove stated, a reasonable doubt as to the irresponsibility of the accused would not authorize the jury to render a verdict in favor of defendant under this special plea.

The evidence on this issue was allowed by the court to take a wide scope, but we think this was highly favorable to the defendant. In this connection we discover no reversible error in any of the exceptions reserved.

The excellent oral charge of the court, to which no exception was reserved, fully covered the principle of law involved upon this trial, and fairly and substantially covered the charges refused to defendant.

The record is regular. Finding no reversible error, the judgment of conviction appealed from will stand affirmed.

Affirmed.

Paul J. Hooton, of Roanoke, for appellant.

Charlie C. McCall, Atty. Gen., for the State.