JUNE TERM, 1845. 279

Doe ex dem. Farmer's Heirs v. The Mayor and Aldermen of Mobile.

---

## DOE EX DEM. FARMER'S HEIRS v. THE MAYOR AND ALDERMEN OF MOBILE.

1. A permission by one in possession of a lot, to another claiming a part of it, to move the fence, so as to take in a part of the lot, may be given in evidence, upon a question of boundary, as an admission of the person then in possession, against his interest, though a stranger to the title. It would not be conclusive, even if made by one claiming title, or by his authorized agent.

2. The boundaries of a public lot, may be proved by general reputation, therefore a deed for an adjoining lot, calling for the "King's bake house lot," as its northern boundary, is admissible to prove as general reputation, that at the date of the deed, the Bake-house lot had an ascertained boundary; and the conduct of the party claiming under such deed, is also evidence of the general reputation at the time, of the true boundary of the Bake-house lot. Whether such evidence would be admissible in the case of a private lot—*Quere?*

Writ of Error to the Circuit Court of Mobile.

EJECTMENT, by the plaintiff in error, against the defendant in error.

The plaintiff produced a patent from the United States, for the premises in question, which calls for " the south boundary of the Bake-house lot" as one of the lines of the tract, which patent issued on the 14th November, 1837, in virtue of the act of Congress, of May, 1822, confirming the claim of the heirs of Robert Farmer, 3 vol. Am. State Papers, Public Lands, page 18.

The defendant relied upon the act of 26th May, 1824, and claimed the premises in dispute, as part of the " Bake-house lot," granted to the city by that act.   The defendants produced no official survey, or patent from the land office, for the lot, but relied alone upon the act.   To establish the boundaries, they read certain depositions, which were objected to, because the evidence was irrelevant, incompetent, and improper under the issue, and went to contradict and change the legal import, and terms of the patent, introduced by the plaintiff.   The Court overruled the objection, and the plaintiff excepted.

The defendant called a number of witnesses, and examined them as to the marks, and memorials that existed of the Bake-house lot, as it was used and occupied in Spanish times, and as to those which remained after the departure of the Spanish government, none of which appeared in the patent of the plaintiff, either as land marks, or otherwise, nor were they now visible, nor did any of the witnesses swear that they were the lines of the lot aforesaid, nor was it proved who put them there.

The defendants also proved the facts of the possession of the adjoining proprietors, Osorno, and Eslava, in Spanish times, and that in 1824, when the lot was taken by the defendants, they leased a portion to third persons, without objection from the lessors of the plaintiff, or the heirs of Eslava, that the witnesses knew of, (and four of them were at the time members of the corporation,) and both of whom claimed the lot south, and bounding the King's bake-house lot, and no suit that they know of, had been brought for the same.   That improvements had been put by the defendants, on the part now claimed by them.   The object of this testimony was to prove, that the defendants were not in possession of any land, which did not form a portion of the lot, and that the courses, and distances, laid down in the patent, conflict with their right ; which evidence was objected to by the defendants, as irrelevant, and improper, but admitted by the Court.

The defendants, further to establish thier southern boundary line, proved, that the lot next, was claimed by Joaquin D'Osorno, in Spanish times, and was used and improved by him.   That he parted with his possession to Mr. Eslava, who was at the time commissary, and store-keeper for the Spanish troops, and who was in possession when De Vobiscey, the son-in-law of Farmer, came to the State, and has been ever since controvert-

## JUNE TERM, 1845. ]281

Doe ex dem. Farmer's Heirs v. The Mayor and Aldermen of Mobile.

ing Eslava's right, and that his heirs are now in possession of the lot, and have been for more than twelve years, and that their claim to the possession, was not disputed by Eslava, or his heirs.

The defendants produced the book of translated Spanish records, from the County Court of Mobile, and read a deed there recorded, from one Fontanella, to Osorno, for the lot south, calling for the Bake-house lot as the northern boundary, bearing date in 1801, against the objection of the plaintiff for irrelevancy, and because there was no proof that the deed had ever been offered to the commissioners appointed by Congress. There was no evidence that the claim to possession was ever disputed by Eslava, or his heirs, but there was testimony, that the defendants, shortly after they took possession of the lot, procured the fence, that bounded the Bake-house lot on the south, to be moved in the night time, some thirty feet south, upon the premises claimed by the plaintiff, while De Vobiscey, one of the heirs of Farmer, was in possession thereof.

The Court charged the jury, that the act of Congress of 26th May, 1824, conferred upon the defendant as perfect, and conclusive a title, and their title to the Bake-house lot, was equal in every respect, under the act, with the title of the plaintiff under the patent· That the question for them to settle, was, what was the south boundary of the Bake-house lot in the Spanish times—that such as it then was, it passed to the defendants.

The plaintiff's counsel moved the Court, to charge, that the grant to the corporation was a mere donation, and that the Register, and Receiver, at St. Stephens, were authorized under the act of Congress, of May, 1822, and other acts of Congress, to direct the manner, and mode of surveying, and making the location, and division, between these parties, and having done so, that parol evidence was not competent to change the location so made, and set forth in the patent. Further, that no survey, plot, or other description of the premises in question, can outweigh, or supersede, the survey set forth in the patent, under which the plaintiff claims, unless it be shown by the defendants, in a patent, or instrument of equal dignity. These instructions the Court refused to give, and to the instructions given and refused, the plaintiff excepted.

36

The assignments of error cover all the matters set forth in the bill of exceptions.

TEST and PHILLIPS, for plaintiff in error.

CAMPBELL, for defendant in error, submitted the cause without argument.

ORMOND, J.—When this case was before this Court, at a previous term, we held, that the action of the officers of the Land Office, in relation to the boundary line, between the " Bake-house lot," and those of the adjoining proprietors, was not conclusive. That if a difficulty should arise as to the boundary, " the precise location must be ascertained by testimony, showing where the *south line* was, when in the occupancy of the crown of Spain. Such as its limits then were, it passed by the treaty to the United States, and with these limits, it was granted to the corporation." The only question therefore open for adjudication is, whether the evidence admitted was competent.

The question to be decided by the jury, was, the precise location of the south boundary of the King's bake-house lot, when in the occupancy of Spain; proof of facts therefore, by witnesses, where this line was, by reference to former, or existing monuments, as a well, and the remains of a picket fence, which once enclosed it, was certainly proper.

It also appears, that when the grant was made to the corporation, in 1824, and they were about taking the necessary steps to obtain the possession, they understood that the heirs of Farmer, had by permission, enlarged their boundaries, and taken in a part of the Bake-house lot, for the purpose of cultivation as a garden —that the corporation determined to resume the possession— that it was yielded to them by the person in possession, who represented himself to be, and was recognized generally, as the agent of the owners of the lot, who assented to the claim of the corporation, and permitted the fence to be removed to its original position.

We can perceive no objection to this testimony. The permission to remove the fence, to what was supposed to be its original site, was in the nature of an admission, against the interest of the person then in its occupancy. This admission would

## JUNE TERM, 1845. 283

Doe ex dem. Farmer's Heirs v. The Mayor and Aldermen of Mobile.

increase in strength, if made by the plaintiffs or their authorized agent. It would not then, be conclusive, as it might have been made inadvertently, or in ignorance of the facts ; but it was competent testimony, to go to the jury, who were the proper judges of the weight it was entitled to.

It appears from the bill of exceptions, that the lot south of the King's bake-house lot, being the one in dispute, was claimed, both by the heirs of M. Eslava, and the plaintiff. That after possession was taken by the corporation, a portion of it was leased by the corporation to third persons, without objection, or suit, until the institution of this, from the heirs of Eslava, or the plaintiffs. This evidence, though not very conclusive, was certainly competent, upon a question of boundary, being the acquiesence of those interested, in opposing it, in the truth of the line, claimed by the corporation. Its effect was a question for the jury.

The defendants were also permitted to read a deed, from one Fontanella, to Joaquim De Orsono, made 1801, by which the lot south of the Bake-house lot, was conveyed by the former, to the latter, which calls for the Bake-house lot as the northern boundary—that Osorno, used and improved the lot, and parted with his possession to Eslava, whose heirs have been in possession for the last twelve years, contravening the right of Farmer's heirs to the lot, and that their claim to the land in dispute, was never disputed by Eslava, or his heirs. The plaintiff objected to this testimony, and to the deed, in addition, that there was no proof, that it had ever been offered to any commissioner appointed under the acts of Congress for the adjustment of private land claims.

From this testimony we understand, that the lot south of the " King's Bake-house lot," is claimed both by the heirs of Eslava, and the heirs of Farmer. That the former deduce their title, from a deed in 1801, calling for the Bake-house lot, as their northern boundary, and that Eslava and his heirs have always admitted, the line between the two lots as claimed by the corporation, whilst the heirs of Farmer, are now insisting, that the line is situate, some thirty feet or more further north.

This is certainly an admission which would be competent testimony against the heirs of Eslava, but is certainly not admissible against the heirs of Farmer as an admission, of the true site of the disputed line. They might, from prudential or other considerations, decline to assert title to the disputed piece of land; but this

certainly could not prejudice any other person, who did assert a title to it. We incline however, to the opinion, that it was competent testimony, though as it regarded the plaintiffs, mere hearsay, upon a question of boundary.

In England, reputation, or the declarations of deceased persons, are not evidence, in questions of boundary, between individuals, though admissible in questions of public right; but in the United States a different rule has generally prevailed. See the cases collected in 2 Cow. & Hill, 628. It is considered as a settled question in this country, by the Supreme Court of the United States, in Boardman v. Reid & Ford, 6 Peters, 341. The Court say, "that boundaries may be proved by hearsay testimony, is a rule well settled, and the necessity, or propriety of which is not now questioned. Some difference of opinion, may exist as to the application of this rule, but there can be none as to its legal force." See also, Ralston v. Miller, 3 Rand. 49.

The deed made in 1801, establishes the fact, as general reputation, that the Bake-house lot, at the date of the deed, had an ascertained boundary, and the conduct of those claiming under it, is, as it respects third persons, proof of the same grade, where that boundary was reputed to be. In the case cited from 3 Rand. the Court say, "ancient reputation, and possession, in respect to the boundaries of streets, are entitled to infinitely more respect in deciding upon the boundaries of the lots, than any experimental survey, that can now be made."

In the present case, the disputed fact, related to the boundary of a public lot, which it appears from the evidence, was enclosed in the Spanish times, with a picket fence. The boundary of such a lot, would be more apt to be known, than that of the lot of a private individual; and we think the conduct of the adjoining proprietors, at a time when the boundary must have been known, conceding where that boundary was, against their own interest, is evidence of the general reputation at the time, of the boundary of the lot.

The fact, that the deed had not been laid before any of the boards of commissioners, is of no importance. It is not offered as a muniment of title, but as evidence of a fact, disclosed by the deed itself. The due execution of the deed is not controverted, and it appears to have been recorded in the book of translated Spanish records in Mobile.

The objection, that all the evidence offered by the defendant, tended to contradict the line, as set out in the patent of the plaintiffs, was considered when this case was previously here.

Let the judgment be affirmed.