(90 South. 46)

**CONWAY v. STATE.   (8 Div. 796.)**

(Court of Appeals of Alabama.   May 17, 1921.)

**1. Witnesses ☜237(4) — Question assuming fact witness has not stated is objectionable.**

Where the testimony did not disclose that any one had given a witness information as to operation of a still by defendant, a question as to who it was that told witness defendant was operating the still was objectionable as assuming that fact.

**2. Criminal law ☜1166½(1)—Laughter in courtroom held not cause for reversal.**

Conviction for unlawful distilling will not be reversed because of defendant's contention there was laughter in the courtroom during trial, where the trial court stated he did not hear any laughter, but that he did not hear normally and refused to permit proof that there was laughter, or to discharge the jury, but admonished the audience not to engage in laughter.

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

Luke Conway was convicted of violating the prohibition law, and he appeals. Affirmed.

The indictment charges that Luke Conway distilled, made, or manufactured alcoholic, spirituous, malted, or mixed liquors or beverages a part of which was alcoholic, since January 25, 1919, against the peace and dignity, etc. The demurrers raised the proposition that the indictment is not equivalent to a charge that the defendant after January 25, 1919, and before the finding of the indictment, distilled or manufactured liquors or beverages containing alcohol, and hence was not a charge of violating any law. The plea in abatement sets up that the grand jury was illegally formed, since the jury commission consciously placed in the jury box the names of all persons qualified to serve residing in Marshall county without regard to the portion of the county in which they resided, under the provisions of the local law creating two courts and prescribing their territorial jurisdiction, with the averment that, if the offense was committed at all, it was committed in the jurisdiction of the Albertville division of the county. The defendant contended there was laughter a second time during the argument in the presence and hearing of the jury, the court saying he did not hear any laughter, but that he did not hear normally at any time, and the court refused to permit proof that there was laughter at that particular time and also overruled a motion made by the defendant to discharge the jury and enter a new trial, but admonished the audience not to engage in laughter in the courtroom.

Street & Bradford, of Guntersville, for appellant.

The indictment was subject to the demurrers. 112 Ala. 70, 20 South. 592; 83 Ala. 84, 3 South. 711; 55 Ala. 167; Gen. Acts 1919, p. 5. The grand jury that preferred the indictment was an illegal body. Gen. Acts 1919, p. 1039; Gen. Acts 1909, p. 317; 16 Ala. App. 197, 76 South. 487; Loc. Acts 1919, p. 3. Counsel discuss the admission and rejection of evidence, but without citation of authority. The motion to withdraw the case because of levity should have been granted. 26 R. C. L. 1020; 227 Pa. 116, 75 Atl. 1023, 136 Am. St. Rep. 870.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J.   The questions raised by demurrers to the indictment and by the plea in abatement have been decided adversely to the appellant in the case of Lang v. State, 206 Ala. 58, 89 South. 166, and ante, p. 88, 89 South. 164.

[1] The court properly refused to permit the witness Hyde to answer the following question:

"Who was it that told you there was a still being operated up there by the defendant at any time prior to the time you went there?"

In addition to being otherwise objectionable, it assumes as a fact that some one had given witness this information, when no such fact is disclosed by the testimony. This much may also be said as to the court's action in sustaining the objection of the defendant to the following question, propounded to the same witness, "Will you tell us how you received that information?"

[2] We have given careful consideration to the questions presented by appellant, in reference to laughter that is claimed to have been indulged in by the spectators during the progress of the trial, and the colloquy between the solicitor and appellant's counsel in reference to the same, and are of the opinion that there was no reversible or prejudicial error committed by the court in the several rulings predicated on this aspect of the case.

There is no error in the record, and the judgment of the trial court is affirmed.

Affirmed.

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes