(91 South. 502)

## VICKERS v. STATE. (8 Div. 789.)

(Court of Appeals of Alabama. June 21, 1921. Rehearing Denied Oct. 4, 1921.)

**1. Criminal law ☞564(4)—Evidence held sufficient to establish venue.**

In a prosecution for murder, testimony of deceased's widow that defendant and deceased had a difficulty "down in a field at our place in Jackson county," and that in this difficulty the shot was fired, was sufficient to establish the venue in Jackson county.

**2. Criminal law ☞1169(5)—Error in admission of evidence is cured by exclusion.**

If, in a prosecution for homicide, there was error in admitting in evidence all the clothing of deceased, it was cured by the exclusion of the evidence on motion of defendant.

**3. Criminal law ☞695(6)—General objection to evidence admissible in part is unavailing.**

Where the testimony given by the defendant at the preliminary trial was introduced, an objection on the ground that some of the testimony was illegal, without stating the part claimed to be illegal, is too general.

**4. Criminal law ☞1170½(2)—Witnesses ☞237(3)—Question should not assume fact not proven, but error is cured by answer refuting assumption.**

The solicitor should not frame his question so as to assume a fact not proven, but when the witness answers in such a way as to refute the assumption, it is harmless error.

**5. Homicide ☞151(3)—Burden of proving the necessity of taking life is on defendant.**

In a murder prosecution, the burden is on the defendant to show that there was a necessity to take the life of deceased, or that the circumstances were such as to impress on the mind of a reasonable person a belief that there was such a necessity, and did so impress him.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Homicide ⊜⇒300(15)—Charge that defendant had a right to shoot to kill without retreat held properly refused.**

In a prosecution for murder, a charge that, "if deceased made a sudden demonstration as if to draw a deadly weapon, the defendant is not called upon to wait, but may fire and kill if he had no reasonable mode of escape," was properly refused, because it ignores the doctrine of retreat, and does not meet the requirements of rules of self-defense.

**7. Homicide ⊜⇒118(3)—Doctrine of retreat as to house does not extend outside curtilage.**

The right of a person to defend himself in his own house without retreating does not extend to lands outside the curtilage.

Appeal from Circuit Court, Jackson County; W. W. Harralson, Judge.

John Vickers was indicted for murder of Joe Bishop, convicted of manslaughter in the first degree, and he appeals. Affirmed.

Certiorari denied 207 Ala. 715, 91 South. 924.

Mrs. Bishop testified, among other things, that Vickers and Joe Bishop had a difficulty "down in a field at our place in Jackson county," and that in this difficulty the shot was fired that resulted in Joe Bishop's death. The solicitor cross-examining McClusky asked this question, "He has told you he killed a man in Arkansas?" and the witness answers, "He had not told him any such thing."

Charge 2 is as follows:

"The one who is without fault in bringing on a difficulty, and if the deceased made a sudden demonstration as if to draw a deadly weapon, the defendant is not called upon to wait, but may fire first, and kill the deceased, if he had no reasonable mode of escape."

The other facts sufficiently appear.

Milo Moody, of Scottsboro, for appellant.

The venue was not proven, and hence the defendant was entitled to the affirmative charge. 125 Ala. 47, 27 South. 763; 134 Ala. 36, 32 South. 670. The court erred in admitting the clothing in evidence. 160 Ala. 82, 49 South. 329. The defendant's evidence on preliminary was not admissible. 16 C. J. 757; 82 Ala. 16, 2 South. 683.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] The testimony of Mrs. Joe Bishop was sufficient to establish the venue in Jackson county and therefore the court did not err in refusing to give the general charge as requested by defendant.

[2] The court, on motion of the defendant excluded all the clothing of deceased. If there had been any error in admitting them, the error was cured, and left the defendant without exception on this point.

[3] The testimony of the defendant, taken on the preliminary trial of the case, was objected to on the ground that much of the testimony then being read was illegal, immaterial, and irrelevant. The objection was to the good as well as to the bad, and therefore the objection was properly overruled. Besides there was no motion made by defendant to exclude the part of the testimony claimed to be illegal.

[4] The solicitor should not frame his questions so as to assume a fact not proven, but when the witness, as in this case, answers in such way as to refute the assumption, it is error without injury.

[5] In a prosecution for murder, the burden is on the defendant to show that there was a necessity to take life, or that the circumstances were such as to impress on the mind of a reasonable person a belief that there was such a necessity and did so impress him.

[6] Charge 2, requested by the defendant, among other infirmities, did not meet this requirement, and was properly refused. 8 Michie's Dig. 193. Besides the charge entirely ignores the doctrine of retreat.

[7] The right of a person to defend himself in his own house, without retreating, does not extend to lands outside the curtilage. Lee v. State, 92 Ala. 15, 9 South. 407, 25 Am. St. Rep. 17.

There is no error in the record. Let the judgment be affirmed.

Affirmed.

### On Rehearing.

It is insisted in brief of counsel that the trial court erred in sustaining the state's objection to a question by defendant's counsel propounded to defendant, seeking to bring out details of former difficulties between the parties. In these rulings the court did not err. The fact that there had been prior difficulties was permissible, but as to the details, it has long been settled they may not be gone into.

Application overruled.