(101 So. 778)

### GALIS v. STATE.   (4 Div. 917.)

(Court of Appeals of Alabama.   Sept. 2, 1924. Rehearing Denied Oct. 7, 1924.)

**1. Intoxicating liquors ⚷238(1)—Jury question being presented, affirmative charge was properly refused.**

Evidence, in prosecution for prohibition law violation, *held* to present jury question, therefore court could not grant affirmative charge.

**2. Criminal law ⚷695(2)—No error in overruling general objection to question.**

In prosecution under prohibition law, general objection to question to state's witness on direct examination, "You say you would speak something about rum and would go back into kitchen and speak to some one back there?" *held* properly overruled.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Charlie Galis was convicted of violating the prohibition law, and he appeals. Affirmed.

---

Certiorari denied by the Supreme Court in Ex parte Galis, 212 Ala. 99, 101 So. 778.

Marcus J. Fletcher and J. Morgan Prestwood, both of Andalusia, for appellant.

The affirmative charge should have been given for defendant. Clark v. State, 18 Ala. App. 217, 90 So. 16; Hill v. State, 19 Ala. App. 483, 98 So. 318; Hammons v. State, 18 Ala. App. 470, 92 So. 914. Counsel argue other questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The testimony is sufficient to sustain a conviction.

BRICKEN, P. J. From a judgment of conviction for violating the prohibition law, the defendant appealed.

It is here contended that the evidence was insufficient to support the verdict rendered by the jury, and to sustain the judgment of conviction. This is the principal insistence of error.

[1] We are not impressed with the insistence that the court committed error in refusing the general affirmative charge to defendant. Under the evidence in this case a jury question was presented, and the court was without authority to give said charge. The general rule, oft stated, is that the general charge should never be given where there is any evidence, however weak and inconclusive, it may be, tending to make a case against the party who asks it. Here, state witness Pouncey testified that upon several occasions he had purchased rum, liquor, or whisky, within the time covered by the indictment, in the place of business owned and conducted by defendant. He stated:

"I would ask Charlie (defendant) if he had anything to drink, and he would nod his head." "I went in there and got some liquor." "If I told him I wanted liquor he would bow his head. I went back in the back room, and he did not say anything to anybody. I got it off the table and left the money at different times. This might have occurred half dozen times. Nobody didn't hand me any liquor. I went in the room and found it on the table and put the money down."

This and other testimony of similar import made a jury question. It was undisputed that these occurrences took place in the café or place of business of this appellant. The court properly submitted this case to the jury for its determination.

[2] While witness Pouncey was being examined counsel for state asked him this question:

"Q. You say when you would go there, you would speak something about rum, and you would go back in the kitchen and speak to some one back there?"

The court overruled the general objection interposed to this question, and defendant excepted. There was no error in this ruling. Moreover, it does not appear that the question was answered by the witness.

The record is free from error. Judgment affirmed.

Affirmed.