## MELTON v. STATE.   (7 Div. 141.)

(Court of Appeals of Alabama.  May 18, 1926.
Rehearing Granted June 8, 1926.)

**1. Criminal law ⬤⇒336.**

Proof that offense was not committed within county entitles defendant to discharge.

**2. Criminal law ⬤⇒336.**

If state fails to prove venue on plea of not guilty, defendant is entitled to verdict of acquittal.

**3. Criminal law ⬤⇒564(8).**

Location of county boundary line to determine venue does not call for expert testimony, but may be proven by general reputation.

**4. Criminal law ⬤⇒346.**

Evidence that certain place was outside of county, but not identified as place where defendant was charged with having made whisky, *held* properly excluded.

**5. Criminal law ⬤⇒753(1).**

General affirmative charge *held* properly refused, where evidence on question of venue, presented by plea in abatement, was in conflict.

**6. Intoxicating liquors ⬤⇒236(19).**

Evidence *held* sufficient to sustain conviction for distilling.

**7. Criminal law ⬤⇒1171(1).**

Solicitor's argument in liquor prosecution that "liquor men are better organized than the Ku Klux Klan of Oklahoma," while not legitimate, *held* not prejudicial.

### On Rehearing.

**8. Criminal law ⬤⇒706.**

Permitting solicitor, in prosecution for distilling, to ask defendant on cross-examination questions which told jury that defendant had shot his brother at some other time, and had possession of prohibited liquor at another time, *held* erroneous.

**9. Criminal law ⬤⇒696(2).**

Motion to exclude answer to illegal question need not be made, where answer is strictly responsive, and ruling on propriety of question necessarily ruled on admissibility of responsive answer thereto.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Leland Melton was convicted of distilling, and he appeals. Reversed and remanded on rehearing.

In his argument to the jury the solicitor made the following statement:

"I want to state something you have learned this week, gentlemen, these liquor men are better organized than the Ku Klux Klan of Oklahoma."

Defendant objected to this remark, and moved to exclude it.

P. O. Luck, of Columbiana, for appellant.

The evidence was insufficient to sustain a conviction. Biddle v. State, 19 Ala. App. 563, 99 So. 59; Farmer v. State, 19 Ala. App. 560, 99 So. 59; Guin v. State, 19 Ala. App. 67, 94 So. 788; Hanson v. State, 19 Ala. App. 249, 96 So. 655; Knight v. State, 19 Ala. App. 297, 97 So. 163; Lee v. State, 19 Ala. App. 569, 99 So. 56; Williamson v. State, 20 Ala. App. 394, 102 So. 485; Moody v. State, 20 Ala. App. 572, 104 So. 142; Stanley v. State, 20 Ala. App. 387, 102 So. 245; Harbin v. State, 19 Ala. App. 623, 99 So. 740; Ammons v. State, 20 Ala. App. 283, 101 So. 511. Refusal of the court to exclude objectionable remarks of the solicitor on motion of defendant is ground for a reversal. Scott v. State, 110 Ala. 48, 20 So. 468; Thomas v. State, 18 Ala. App. 268, 90 So. 878; Anderson v. State, 209 Ala. 36, 95 So. 171. The rulings of the court on the cross-examination of defendant constituted reversible error. Lowery v. State, ante, p. 352, 108 So. 351.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Rulings on testimony offered to the plea to the jurisdiction were without error. Amos v. State, 96 Ala. 125, 11 So. 424; Bufkins v. State, 20 Ala. App. 457, 103 So. 902. The affirmative charge was properly refused to defendant. Pellum v. State, 89 Ala. 29, 8 So. 83; Galis v. State, 20 Ala. App. 300, 101 So. 778.

SAMFORD, J. [1, 2] The defendant interposed a plea to the jurisdiction of the court, alleging that, if committed at all, the offense was not committed in Shelby county. This fact was jurisdictional, and, if the plea had been proven, the defendant would have been entitled to his discharge from the circuit court, or, if the state had failed to prove the venue on a plea of not guilty, the defendant would have been entitled to a verdict of acquittal. Bufkins v. State, 20 Ala. App. 457, 103 So. 902.

[3] The location of the boundary line of Shelby county did not necessarily call for expert testimony of a surveyor, but could be proven by general reputation as to where the line was, and, whether the witness knew the exact location of the county line or not, he could from a general repute say whether a particular place was in the county. Tidwell v. State, 70 Ala. 33; Bufkins v. State, 20 Ala. App. 457, 103 So. 902; Miller v. Cullum, 4 Ala. 576; Farmer v. City of Mobile, 8 Ala. 279. The rulings of the court upon admission of testimony by state's witnesses on the issue presented by the plea in abatement were free from error.

[4, 5] The defendant undertook to prove by certain witnesses that a certain place was more than one-fourth of a mile outside of Shelby county, but this place was not identified as the point at which defendant was charged with having made whisky, and such evidence was properly excluded. The evidence being in conflict upon the question presented by the plea in abatement, the general affirmative charge was properly refused. Galis v. State, 20 Ala. App. 300, 101 So. 778.

[6] We have noted the long list of citations of authorities to sustain propositions of law announced. We are familiar with these decisions and the principles they announce, but none of these are applicable to the case at bar. The defendant and two others were found at a whisky still in Shelby county. The still was in operation, the fermented beer was there in large quantities, the defendant and two others were walking about the still, the defendant had smut on his hands and face, and still slop on his clothes, and, when the officers came, he fled. The evidence was sufficient to make the question of guilt a jury question, and we would not be authorized to disturb their verdict.

[7] The remark of the solicitor to which exception was taken ought not to have been made. Such statements have no place in legitimate argument, but this case was fairly tried and presented to the jury under a clear charge of the court. Upon the whole record we do not think the remark of the solicitor is sufficient error upon which to predicate a reversal.

The refused charges, when stating correct principles of law, are covered by the court's oral charge.

We find no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

[8] On cross-examination of defendant the solicitor was allowed to ask this question: "Were you living at the same place at the time they went there and found all that whisky in your barn?" This question was objected to, objection was overruled, and exception reserved. The solicitor was also allowed to ask defendant on cross-examination: "At the time you shot your brother down there, were you living" (at the same place). Objection and exception to this question was taken. The court overruled the objection on the theory that the evidence tended to fix time and place of the offense for which the defendant was being here prosecuted. Both of these questions assumed as proven facts irrelevant to this issue, and facts which, if true, could only have the effect of prejudicing the defendant before the jury trying his case. It said to the jury: Whether guilty here or not, this defendant at one time shot his own brother, and he was also at another time in possession of a quantity of liquor. The method of examination was manifestly unfair, and should not be allowed. The form of the questions asked had the effect of getting into the

evidence the fact that defendant had shot his brother, and that at another time defendant had been in possession of prohibited liquors. The actions of the court in overruling the objections were errors. Vickers v. State, 18 Ala. App. 282, 91 So. 502; Conway v. State, 18 Ala. App. 156, 90 So. 46; Lowery v. State, ante, p. 352, 108 So. 351.

[9] There is a line of cases which hold that, where motion to exclude the answer to an illegal question is not made, the error of the court in overruling the objection to the question is waived. Haney v. State, 20 Ala. App. 236, 101 So. 533. But this rule does not obtain where the answer is strictly responsive to the question and the ruling of the court on the propriety of the question necessarily ruled on the admissibility of a responsive answer thereto as evidence. Troy Lbr. & Con. Co. v. Boswell, 186 Ala. 409, 65 So. 141.

The opinion is extended, application for rehearing is granted, and the judgment of the lower court is reversed, and the cause is remanded.